# CASES DECIDED

BY THE

# SUPREME COURT

OF THE

# TERRITORY OF HAWAII

FRANK G. CORREIA *v.* TAM CHONG, ALIAS TAM
CHUNG AND TAM SING KONG.

ERROR TO CIRCUIT JUDGE, SECOND CIRCUIT.

SUBMITTED OCTOBER 1, 1906.　　DECIDED OCTOBER 8, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

CONVEYANCE TO HINDER, DELAY AND DEFRAUD CREDITORS—*decree to set*
*aside not authorized by all the findings.*

　　Although the decree to set aside the conveyance could be based
on certain findings, standing by themselves, it cannot stand on
the finding made "that the conveyance was for the purpose of sat-
isfying claims other than the judgment at law in favor of the
plaintiff." The decree also improperly provided for the issue of
an execution as in an action at law and is accordingly set aside,
the cause being remanded to the circuit judge with leave, on plain-
tiff's application, to reopen the case and receive further evidence.

The plaintiff, a judgment creditor of the defendant Chong, brought a bill to set aside a conveyance of land from the defendant Chong to the defendant Kong on the ground that it was made in order to hinder, delay and defraud creditors. The deed, purporting to have been made March 16, 1905, for the consideration of $250, was acknowledged March 20 and recorded April 3. The plaintiff had obtained a judgment by default against the defendant Chong on March 15 for $532.97, the sheriff's return, June 9, being that he had levied on Chong's interest in the firm of See Wo Co. leaving a great portion of the judgment debt unsatisfied and that he found no other property to levy upon. The bill avers that the conveyance was without consideration and made "in contemplation of the judgment and execution" and that the defendants confederated and combined together for the purpose of preventing the plaintiff from obtaining satisfaction of the judgment.

The answer denies that the conveyance was without consideration, averring that the consideration was $250; or that it was made in contemplation of the judgment and execution or to hinder, delay or defraud the plaintiff and defeat his attempt to collect the judgment; or that the defendants confederated and combined together to prevent the plaintiff from obtaining satisfaction of the judgment.

At the hearing the plaintiff testified that he knew the land claimed to have been sold and had seen no one on it since his return from the old country in the previous September; that he had seen the defendant Chong there; "that before that" (whether before September or before his return is not apparent) he saw the defendant Chong there; that he had seen pigs on the land, whether belonging to Chong or his company he did not know; that the land was open except for fences for feeding pigs fed by a Chinaman working for the company. The plaintiff was not cross-examined. He then called the defendant Chong who testified that he and the defendant Kong

"lived in the same house and both worked in the same store at Makawao;" that the other defendant "was the boss; he is the head of ·Tam Yau Co.;" that he had been in the employ of that company since last year; that he sold the land to Kong "because I was sued in court for some debts;" that in March, 1905, "See Wo Co. consisted of Tam Sing (Kong), Tam Yau, Kahiamoa, myself and others;" that he "was sued by Paia Store, Haleakala Ranch Co. and others and sold the land to pay their claims, and divided the money between them." The defendants offered no evidence.

Upon the pleadings and evidence the judge declared the conveyance null and void and set it aside on the ground that it appeared that the defendants long prior to the judgment had lived together under the same roof, the defendant Chong in the employ of the defendant Kong and that the conveyance was executed only a few days after the entry of the judgment for the apparent consideration of $250; that by the testimony of the defendant Chong the conveyance was made "for the purpose of satisfying claims other than the judgment at law in favor of plaintiff, and that said Tam Sing Kong was not therefore an innocent purchaser without notice of fraud but that said conveyance, although for a consideration, was in contemplation of said judgment at law and execution and that the same was made for the purpose of hindering, delaying, defrauding and defeating the plaintiff in his attempt to collect said judgment."

The substance of the errors assigned is that the judge's findings were not borne out or justified by the evidence. The date of the deed was the day of the entry of the judgment and, as the grantor testified, it was made because he was sued in court for some debts, which may as well refer to the judgment debt as any other. Whether he divided the proceeds among his other creditors or not was for the judge who heard the case to find. It may properly be inferred that he did not believe this portion of the testimony or that $250 were paid for the land. The relations existing between the two defendants would justify the

inference that the grantee knew that the grantor's motive for making the conveyance was to avoid the judgment and that both defendants intended to prevent the judgment creditor from having recourse to the land in satisfaction of his judgment.

If this case were before us on appeal we could hardly sustain the decree, but coming up as it does on error, we do not think that we can say that there was no evidence tending to sustain the findings. But the decree cannot stand with the finding made "that the conveyance was for the purpose of satisfying claims other than the judgment at law in favor of the plaintiff." The decree also improperly provides "That an execution may issue for the attachment of all the property described in said conveyance hereinabove described, and that upon levy and sale of the same, according to law, the proceeds thereof shall first be applied to defray the expenses of such levy and sale, and the balance, if any, to be paid into this Court, the same to be applied towards the discharge and payment of said judgment at law, after deducting therefrom sufficient to pay all costs of these proceedings."

Accordingly, the decree is set aside and the cause is remanded to the circuit judge with leave, on application by the plaintiff, to reopen the case and receive further evidence.

*A. Perry* for plaintiff.

*E. M. Walson (J. L. Coke* with him on the brief) for defendants.